UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THIRTY-ONE THOUSAND, EIGHT | ) | |
| HUNDRED DOLLARS IN U.S. | ) | |
| CURRENCY ($31,800.00), | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

**Nature of the Action**

1.     This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2.     The defendant property was seized by law enforcement  on or about January 7, 2019 and is described more fully as thirty-one thousand, eight hundred dollars in U.S. Currency ($31,800.00)(the "defendant property").

**Jurisdiction and Venue**

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1395.

4.     Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.  Venue is also proper pursuant to 28 U.S.C. § 1395(b) because the defendant property was seized in the Eastern District of Missouri.

**Statutory Framework**

5.     Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.     Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7.     Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that

the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8.     Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9.     Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## Facts Giving Rise to the Forfeiture

11.    On or about January 7, 2019 at 1:00 a.m., SCCDTF officers observed a Dodge Durango ("Durango") on Interstate 70 near mile marker 204, within the Eastern District of Missouri, traveling westbound.

12.    Officers conducted a traffic stop of the Durango for a traffic violation.

13.    The driver of the Durango was Leroy Jackson ("Jackson"). The registered owner of the Durango was Avis Car Rental.  Jackson stated the Durango was a rental. He said his brother drove him from Springfield, IL to St. Louis, MO to rent the car. He said he was on his way to Los Angeles, California. The rental agreement located in the Durango stated the vehicle was rented in St. Louis, MO and due back in Springfield, IL on January 13, 2019

3

14.     Officers noted a strong odor of marijuana. When asked about the odor, Jackson stated he had just picked up the rental vehicle and that he did not use any marijuana or smoke cigarettes.

15.     When asked by officers why he was driving to California, Jackson said he has to drive to Los Angeles, California to refill his medication.  The officer intended to have Jackson exit the Durango and return to the patrol vehicle for records checks but noticed a wheel chair and leg braces visible in the vehicle. The officer asked Jackson if the leg braces and wheelchair were his. He stated they were and it would be difficult to get out of the vehicle without help. Jackson said he had been shot during a robbery about eleven years ago and it caused considerable injuries and paralysis in his legs.

16.     One officer stayed with Jackson while the other went to the patrol vehicle for a records check. While standing at the vehicle, the officer asked Jackson why he travelled to California so frequently for medications instead of finding a closer doctor. Jackson stated there were no doctors in St. Louis or Chicago that could prescribe the medication. The officer asked what the medication was and Jackson stated it was a pain pill called oxycontin. Jackson said he had to travel to California every 60 days. When asked why he doesn't fly to California, Jackson stated he had a bad experience on a plane several years ago and would never fly again. The officer had noted airline tags on luggage in the rear of the vehicle.

17.     Due to implausible reasons for travel, travelling to California for a common pain medication and the observation of three cellular phones on the center console of the Durango, Jackson was advised that a search would be conducted on the Durango.

18.     A duffle bag discovered in the rear cargo area had a luggage tag that showed Jackson had flown to LAX in May, 2018. The officer also discovered a partially full can of Febreze

scent spray in the rear cargo area, near the front seats.

19.     When the passenger side door was opened, several papers blew onto the ground and the smell of marijuana intensified. The officer observed on the floorboard near the edge of the seat loose marijuana "shake" visible near the doorsill.

20.     In a backpack on the front seat was six rubber-banded bundles of U.S. currency. Jackson stated that it was "$20,000.00" and was his savings. He said it was his life savings and he doesn't trust banks. He said he takes his money everywhere he goes to keep it safe. When asked if he had a debit or credit card, Jackson stated he did have both, confirming he did have bank accounts. When questioned about the amount, Jackson began to change the amount, but it was apparent he did not know the exact amount.  The currency was later counted and determined to be $31,800.00, primarily in $20 denominations.

21.     Jackson was notified of his constitutional rights and he agreed to continue to speak with the officers. When asked about his employment, Jackson said he was a real estate investor and he was going to buy real estate in California, while also going to his doctor's visit. Jackson stated he had the cash for the real estate transaction, but was unable to provide any details about the real estate. He then said he might get into the clothing business and start making t-shirts. Jackson also said he made the money from selling copies of his self-published book. Jackson then claimed the currency was previously seized from him in 2013 and it had been returned.

22.     The traffic stop was relocated to a nearby parking lot for further investigation away from the hazards of the interstate. In the parking lot, a "discretionary sniff" was set up for a certified drug detection canine. New and clean evidence bags were laid out, along with the discovered U.S. currency and a bag containing several unknown prescription bottles that were near the currency in the backpack. The canine alerted to the presence of the odor of a controlled substance at or near

the U.S. currency.

23.     Officers located three cellular phones in the Durango and Jackson allowed officers to search those phones. An officer photographed the prescription pill bottles and asked Jackson where his doctor was located that had prescribed the pills. Jackson stated the doctors that treated him and prescribed medication were actually in Illinois, not California.

24.     A subsequent employment check showed that Jackson was unemployed.

### COUNT ONE – FORFEITURE
**21 U.S.C. § 881(a)(6)**

25.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 24 above as if fully set forth herein.

26.     The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking. In addition, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

27.     The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

### COUNT TWO – FORFEITURE
**18 U.S.C. § 981(a)(1)(A)**

28.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 24 above as if fully set forth herein.

29.     The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Jackson with the intent

6

to promote the carrying of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

30.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

### COUNT THREE – FORFEITURE
**18 U.S.C. § 981(a)(1)(C)**

31.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 24 above as if fully set forth herein.

32.     The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Jackson in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

33.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## <u>VERIFICATION</u>

I, Bryan M. Thomas, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _6 - 27- 2019_

(date)

BRYAN M. THOMAS
Task Force Officer
Drug Enforcement Administration

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $31,800.00 U.S. Currency |

| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number) AUSA Lindsay McClure-Hartman U. S. Attorney's Office | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 881; 18 USC 981

Brief description of cause:
Forfeiture of $31,800.00 U.S. Currency

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

| DATE 07/01/2019 | SIGNATURE OF ATTORNEY OF RECORD /s/ Lindsay McClure-Hartman |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

|  |  |  |
|---|---|---|
| , | ) | |
| plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| $31,800.00 U.S. Currency | ) | |
| , | ) | |
| defendant. | ) | |

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

⎯⎯⎯THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

✔____NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE

OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 07/01/2019

/s/ Lindsay McClure-Hartman

Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THIRTY-ONE THOUSAND, EIGHT | ) | |
| HUNDRED DOLLARS IN U.S. | ) | |
| CURRENCY ($31,800.00), | ) | |
| | ) | |
| Defendant. | ) | |

## **WARRANT FOR ARREST OF PROPERTY**

TO:  THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED
LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on July 1, 2019, the United States of America filed a Verified Complaint for

Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against

the above-named defendant property, alleging that said property is subject to seizure and civil

forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of

the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the

Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be

delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant

property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court

By: _____
     Deputy Clerk

Date: _____